FILED
2013 Sep-10  PM 03:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Amy D. Harmon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 5:12-cv-01627-LSC |
| | ) | |
| Carolyn Colvin, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

I.      Introduction

The plaintiff, Amy D. Harmon, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Ms. Harmon timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Harmon was thirty-six years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has completed the twelfth grade. (Tr. at 131, 176.) Her past work experiences include employment as a customer service representative, a sales representative, and a general office clerk. (Tr. at 64.) Ms.

Harmon claims that she became disabled on July 8, 2008, due to pain from fibromyalgia, chronic fatigue, and migraine headaches. (Tr. at 131-37, 138-42.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she

will be found disabled without further consideration. *Id*. If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id*. If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id*. Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id*.

Applying the sequential evaluation process, the ALJ found that Ms. Harmon meets the nondisability requirements for a period of disability and DIB and was insured through the date of her decision. (Tr. at 11.) She further determined that Ms. Harmon has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id*.) According to the ALJ, Plaintiff's "migraine headaches associated with demyelinating disease and fibromyalgia" are considered "severe" based on the

requirements set forth in the regulations. (*Id.*) However, she found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 13.) The ALJ did not find Ms. Harmon's allegations to be totally credible, and the ALJ determined that she has the following residual functional capacity:

> light work . . . [s]he can occasionally lift and/or carry up to twenty pounds and frequently lift and/or carry up to ten pounds. She can stand and/or walk, with normal breaks for up to six hours during a normal workday and sit, with normal breaks for up to six hours during a normal workday. The claimant can occasionally climb ramps and stairs and she should never climb ladders, ropes, or scaffolds. She can frequently balance, stoop, and kneel. She can occasionally crouch and crawl. The claimant should avoid concentrated exposure to extreme cold and areas of vibration and she should avoid all exposure to industrial hazards including working at unprotected heights.

(*Id.*)

According to the ALJ, Ms. Harmon is capable of performing her past relevant work as a sales representative, general office clerk, and customer service representative. (Tr. at 16.) The ALJ concluded her findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from July 8, 2008, through the date of this decision." (*Id.*)

II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court

scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion

Ms. Harmon contends that the ALJ's decision should be reversed and remanded because the ALJ failed to afford proper consideration to her subjective complaints of pain consistent with the Eleventh Circuit's "pain standard."

Disability benefits may not be paid solely on the basis of a claimant's own self-serving complaints. *See* 42 U.S.C §§ 423(d)(5)(A), 1382c(a)(3)(H)(I) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of existence thereof as the Commissioner of Social Security may require. An individual's statement as to pain and other symptoms shall not alone be conclusive evidence of disability.") However, subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon pain and other subjective symptoms, the Eleventh Circuit has set forth a two-part standard: "The pain standard requires (1) evidence of

an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

Once a claimant has met the pain standard, the ALJ may still discredit the claimant's subjective testimony of pain and other symptoms if She articulates explicit and adequate reasons for doing so based on substantial evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection" which is "not enough to enable [the district court or this Court] to conclude that [the ALJ]

considered her medical condition as a whole." *Id.* (internal quotations omitted).

In this case, the ALJ referenced these regulations and rulings in analyzing Plaintiff's subjective complaints of pain. (Tr. at 14.)  Specifically, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but the plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with her RFC assessment. (*Id.*)  Thus, the ALJ found that Plaintiff met the pain standard, and then continued in the analysis and evaluated Plaintiff's credibility. (Tr. at 14-15.) *See Foote*, 67 F.3d at 1560-61 (meeting the judicial pain standard is only a threshold inquiry and the ALJ may reject the complaints by offering specific reasons); *Marbury v. Sullivan*, 957 F.2d 837-39 (11th Cir. 1992) ("After considering a claimant's complaints of pain [under the above standard], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)).

The ALJ found that Ms. Harmons' complaints of pain were not "fully credible in light of medical history, reports from treating and examining practitioners, and the objective clinical findings on examination." (Tr. at 14.)   The record supports the ALJ's conclusion regarding Plaintiff's credibility.  Plaintiff complained of chronic pain

all over her body. (Tr. at 34.) The ALJ acknowledged that Plaintiff has a history of recurrent headache pain but noted that the medical evidence of record does not substantiate the nature, presence, duration and/or severity of the condition. (Tr. at 14.) As the ALJ noted, although an MRI of Plaintiff's brain revealed white matter lesions consistent with migraines, there were no other significant abnormalities. (Tr. at 248.) An EEG was normal and treatment records indicated that Plaintiff's headache pain improved with use of the birth control pill Yaz. (Tr. at 457.) *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that a symptom reasonably controlled by medication or treatment is not disabling).

At the hearing the Plaintiff testified that she had trouble concentrating when she had headache pain. (Tr. at 42.) She also stated that those headaches occurred two to three times per month and lasted for two to three days. (Tr. at 41.) The plaintiff expounded that her headaches also included vomiting and these symptoms left her unable to move at all. (Tr. at 41-42.) Yet Plaintiff's own reports of her daily activities undermine her allegations and provide support for the ALJ's findings. Although not dispositive, a plaintiff's activities may show that her condition was not as limiting as

she alleged. *See* 20 C.F.R. § 404.152(c)(3)(I); SSR 96-7p, 1996 WL 374186; *Dyer*, 395 F.3d at 1212; *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1984). As noted by the ALJ, the plaintiff testified that she drove every day, took her oldest child to school, and took care of a two-year-old child daily. (Tr. at 208, 210-12.) She could prepare small meals, shop for household needs, clean the house, do laundry, and she attended church every Sunday. (*Id.*) Given the capability of the plaintiff to perform these daily tasks, this Court finds the ALJ had adequate reason to discredit the Plaintiff's testimony.

Plaintiff also complained of chronic pain in her back, shoulders, hips and legs. (Tr. at 36.) As the ALJ noted, the severity of the pain is not supported by the medical evidence of record, as x-rays of the spine taken in April 2006 showed very mild cervical disease with no evidence of cervical cord demyelination. (Tr. at 242.) Additionally, Plaintiff was pregnant on her alleged onset date of disability, and the record suggests that the Plaintiff's inability to take medicine while pregnant and breast-feeding contributed to her persistent complaints of pain during her pregnancy. (Tr. at 301, 305, 457, 460.)  After she was able to resume medication, the plaintiff reported in treatment notes from the Valley Pain Clinic dated April 2011 that her pain had improved with medication, that her daily activities were only mildly limited by

pain, and that her medications helped her tolerate her pain and improved her function with no significant side effects. (Tr. at 15, 457, 460.)  Again, Plaintiff's reports of her daily activities support this evidence.  By Plaintiff's own admission, she could lift a gallon of milk and a twenty pound bag of potatoes, which undermines her complaints of back, leg, and shoulder pain.  (Tr. at 210.)

The ALJ's credibility determination is further supported by the findings of Samuel H. Chastain, M.D., the State agency medical consultant who reviewed the record in September 2009 and also found that Plaintiff's complaints of pain were not substantiated by the documentary evidence. (Tr. at 344-51.)  State agency consultants are highly qualified and experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. *See* 20 C.F.R. § 404.1527(e)(2)(I); SSR 96-6p, 1996 WL 374180. Although Dr. Chastain did not examine Plaintiff, his opinion is supported by the objective medical findings and consistent with the record as a whole. *See* 20 C.F.R. § 404.1527(c)(3), (c)(4); SSR 96-6p. The ALJ, therefore, properly accorded deferential weight to Dr. Chastain's opinion. (Tr. at 15).  *See* 20 C.F.R. § 404.1527(e)(2)(I); SSR 96-6p; *Forrester v. Comm'r of Soc. Sec.*, 455 F. App'x 899, 902-03 (11th Cir. 2012); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 874 (11th Cir. 2011). The assessment of Dr. Chastain

provides further evidence to support the ALJ's credibility finding.

It appears to this Court that the ALJ specifically addressed Plaintiff's allegations of pain in her opinion, and she provided explicit reasons for rejecting Ms. Harmon's testimony as not entirely credible. (Tr. at 14-15.) *See Allen v. Sullivan*, 880 F.2d 1200, 1203 (11th Cir. 1989) (ALJ properly discredited the plaintiff's testimony where he specifically articulated at least three reasons for rejecting the plaintiff's subjective complaints). The objective medical and other evidence supports the ALJ's conclusion that Plaintiff's impairments did not cause disabling limitations, and instead shows that she could perform her previous jobs or light work for which there are a significant number of jobs in the national economy. (Tr. at 17.)

IV.   Conclusion

Upon review of the administrative record, and considering all of Ms. Harmon's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 10th day of September 2013.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]